UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Docket No.:
HOWARD GALE and RONNA GILBERT,
**COMPLAINT**
                     Plaintiffs,

**JURY TRIAL DEMANDED**
    -against-

SERVICE UNLIMITED,

                     Defendant.
------------------------------------------------------------------------X

    Plaintiffs, by their attorneys, STEPHEN R. KRAWITZ, LLC., as and for their Complaint, respectfully alleges, upon information and belief:

    1.    The plaintiff, HOWARD GALE, at all times herein mentioned was and still is a resident of the State of Connecticut.

    2.    The plaintiff, RONNA GILBERT, at all times herein mentioned was and still is a resident of the State of Connecticut.

    3.    The defendant SERVICE UNLIMITED, at all times herein mentioned, was and still is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County of Westchester ,State of New York.

    4.    The defendant SERVICE UNLIMITED, at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

    5.    The defendant, SERVICE UNLIMITED, at all times herein mentioned conducted and carried on business in the County of Fairfield, State of Connecticut.

    6.    The defendant, SERVICE UNLIMITED, at all times herein mentioned was and still is a partnership doing business in the County of Westchester and the State of New York.

7. The defendant, SERVICE UNLIMITED, at all times herein mentioned was and still is a limited liability partnership doing business in the County of Westchester, State of New York.

8. The defendant, SERVICE UNLIMITED, at all times herein mentioned was and still is a limited liability corporation doing business in the County of Westchester and the State of New York.

9. At all times herein mentioned, defendant SERVICE UNLIMITED transacted business within the State of Connecticut.

10. At all times herein mentioned, defendant SERVICE UNLIMITED derived substantial revenue from goods used or consumed or services rendered in the State of New York and the State of Connecticut.

11. At all times herein mentioned, defendant SERVICE UNLIMITED expected or should reasonably have expected its acts to have consequences in the State of New York and the State of Connecticut.

12. At all times herein mentioned, defendant SERVICE UNLIMITED derived substantial revenue from interstate commerce.

13. This action is brought pursuant to 28 U.S.C. § 1332 (1), based on diversity of citizenship and therefore jurisdiction and venue are proper.

14. The amount in controversy exceeds $75,000 exclusive of interest and costs.

15. Plaintiffs are the owners of the residence located at_____.

16. On June 17, 2004 the plaintiff and the defendant entered into a contract for good and valuable consideration, a copy of which is annexed hereto and made a part hereof as Exhibit "A".

17. The terms and conditions of the agreement are set forth in the contract.

18. The plaintiffs have substantially performed all of the terms, conditions and obligations called for on their part, contemplated under the contract by paying for services allegedly rendered by the defendant herein.

19. The defendant has failed to comply with the terms, conditions and obligations called for on its part under said contract by performing the work contemplated in a negligent and unworkmanlike manner, thereby breaching the contact.

20. The defendant continues to be in breach under the said contract despite due demand by the plaintiffs to cure said breach.

21. The defendant was hired to stain the exterior of plaintiffs' residence. As a result of the negligent, careless and reckless manner in which the defendant's work was performed, the application of the transparent stain by the defendant, its agents, servants and/or employees caused the cedar clapboard to be and/or become discolored, mottled, streaked, blotchy and generally not uniform in color.

22. According to several painting experts, the condition cannot be corrected by re-application of stain, but requires the entire residence to be re-sided with new cedar clapboard.

23. Due to defendant's breach of contract, plaintiffs are entitled to damages in the sum exceeding the minimal jurisdictional limits of this court, together with the costs and disbursements of this action.

**WHEREFORE**, the plaintiffs demand judgment against the defendant in a sum exceeding the minimal jurisdictional limits of this court, together with the costs and disbursements of this action.

Dated:      New York, NY
            February 28, 2005

                                        _____
                                        STEPHEN R. KRAWITZ, LLC
                                        By: Stephen R. Krawitz, Esq. (8870)
                                        Attorneys for Plaintiffs
                                        271 Madison Avenue, Suite 200
                                        New York, NY 10016
                                        212-682-0707