```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
HOWARD GALE AND RONNA GILBERT,              05 CV.2450(GEL)

                    Plaintiffs,

        -against-


SERVICE UNLIMITED,

                    Defendant.
----------------------------------------X
```

DEFENDANT REQUESTS THE RIGHT TO
SUPPLEMENT THIS CHARGE PRIOR TO
SUBMISSION TO THE JURY

JOSEPH A. MARIA (JM-0209)

JOSEPH A. MARIA, P.C.
Attorneys for Defendant
Service Unlimited
301 Old Tarrytown Road
White Plains, New York 10603
(914) 684-0333
File No. 08-0428(dj)

TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT                                                           2

I. PRELIMINARY INSTRUCTIONS

Instruction No. 1  JUROR ATTENTIVENESS                                          3

Instruction No. 2  ROLE OF COURT          .                                    4

Instruction No. 3  ROLE OF THE JURY                                            5

Instruction No. 4  SELECTION OF A FOREPERSON                                   7

Instruction No. 5  DUTY TO DELIBERATE/UNANIMOUS VERDICT                        8

Instruction No. 6  RETURN OF THE VERDICT                                      10

Instruction No. 7  SPECIAL VERDICT                                            11

Instruction No. 8  JURY TO DISREGARD COURT'S VIEW                             12

Instruction No. 9  WHAT IS AND IS NOT EVIDENCE                                14

Instruction No. 10 DIRECT AND CIRCUMSTANTIAL EVIDENCE                         16

Instruction No. 11 WITNESS CREDIBILITY                                        18

Instruction No. 12 DEPOSITION TESTIMONY                                       20

Instruction No. 13 DISCREPANCIES IN TESTIMONY                                 21

Instruction No. 14 FAILURE TO PRODUCE WITNESS                                 22

Instruction No. 15 BURDEN OF PROOF - GENERAL                                  23

Instruction No. 16 PREPONDERANCE OF THE EVIDENCE                              25

Instruction No. 17 BURDEN OF PROOF - CLAIMS & AFFIRMATIVE                     27
                   DEFENSES

TABLE OF CONTENTS (con't.)

PAGE

Instruction No. 18  COMMON LAW STANDARD OF CARE-DEFENDANT                28
                    HAVING SPECIAL KNOWLEDGE

Instruction No. 19  COMMON LAW STANDARD OF CARE-CUSTOMARY               29
                    BUSINESS PRACTICES

Instruction No. 20  COMPENSATORY DAMAGES - GENERALLY                    38

Instruction No. 21  ACTUAL DAMAGE                                       39

Instruction No. 22  CAUSATION AND DAMAGES                               40

Instruction No. 23  MITIGATION OF DAMAGES                               42

PRELIMINARY STATEMENT

Defendants, submit the within Request to Charge in accordance with the Request of the Court.

The named defendants hereby expressly reserve the right to supplement and/or amend these Requests to Charge after resolution of motions during trial and motions in limine.

The defendants also reserve their right to submit an additional special verdict form at that time, or when the Court deems appropriate.  In addition, the defendants submit these Requests to Charge considering that the jury will consider evidence of liability, together with evidence of damages.

PRELIMINARY INSTRUCTIONS

<u>Instruction No. 1</u>

JUROR ATTENTIVENESS

Ladies and Gentlemen, before you begin your deliberation, I am now going to instruct you on the law.  You must pay close attention and I will be as clear as possible. It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest has never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

**<u>Authority:</u> Modern .Federal Jury Instructions, 71-1 adapting charge of Judge Weinfeld in <u>Grossman v. United Fruit Co.,</u> Civ. 45-437 (S.D.N.Y.).**

<u>Instruction No. 2</u>

ROLE OF COURT

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and. apply them to the- facts as you determine, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instruction as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a verdict on any other view of the law than that which I give you.

**Authority: Modern Federal Jury Instructions, 71-2 citing <u>Franks v. .. United States Lines Co.,</u> 324 F. 2d 126 (2d Cir. 1963).**

Instruction No. 3

ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your provence or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is it evidence what I may have said, or what I may say in these instructions, about a fact issue. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinions as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my view of what your decision should be as to whether or not the plaintiff(s) has province his case.

I should also ask you to draw no inference from the fact that upon occasion I have asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

As to the facts. Ladies and Gentlemen, you are the exclusive judges.  You are to perform the duties of finding the facts without bias or prejudice to any party.

**Authority;  Modern Federal Jury Instructions, 71-3.**

Instruction No. 4

SELECTION OF A FOREPERSON

When you retire, you should elect one member of the jury as your foreperson.

That person will preside over the deliberations and speak for you here in open Court.

**Authority;** **Modern Federal Jury Instructions, 78-5.**

Instruction No. 5

DUTY TO DELIBERATE/UNANIMOUS VERDICT

You will now retire to decide the case. In order to prevail, the plaintiff or defendant, depending on the issue, must sustain the burden of proof as I will explain to you with respect to each element of that claim or affirmative defense. If you find that the plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that the plaintiff failed to sustain his burden on any element of his claim, you should return a verdict against him. Similarly, if you find that the defendants have failed to sustain their burden with respect to any element of an affirmative defense, you must return a verdict against the defendants on that affirmative defense.

It is your duty as jurors to consult with one another and to deliberate with a view towards reaching an agreement. Each of you must decide the case for him or herself, but you should do so only after consideration of the case with your fellow jurors and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the affect or weight of the evidence for the mere purpose of returning a verdict solely because of the opinions of the other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt a conclusion which, in your good conscience, appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

**Authority;  Modern Federal Jury Instructions, 78-3 adapting Charge of Judge Weinfeld in Mollicav Comoania Sud-Americana DeVapores, Ci'-. 64-60 (S.D.N.Y.).**

Instruction No. 6

RETURN OF THE VERDICT

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Marshall outside your door that you are ready to return to the Courtroom.

I will stress that each of you should be in agreement with a verdict which is announced in Court.  Once your verdict is announced by your foreperson in open Court and officially recorded it cannot be revoked.

**Authority;** **Modern Federal Jury Instructions, 78-6**

<u>Instruction No. 7</u>

SPECIAL VERDICT

I have prepared a Special Verdict form for you to use in recording your decision.
This Special Verdict form is made up of questions concerning important issues in this
case. These questions must be answered "yes" or "no" where indicated. Your answer
must be unanimous and must reflect the conscientious judgment of each juror. You
should answer every question, except where the Special Verdict form indicates otherwise.

**<u>Authority;</u> Modern Federal Jury Instructions, 78-9**

Instruction No. 8

JURY TO DISREGARD COURT'S VIEW

I have not expressed, nor have I intended to intimate, any opinion as to which witnesses are or are not worth of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence.  If any .expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.  You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses.  Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you.  In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence.  Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, insofar as it was practicable, out of your hearing.  You have no concern with the reasons for any such rulings and you are not to draw any inferences from them.  Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury.  In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence.  Of course, you must dismiss from your mind completely and entirely any

evidence which .has been ruled out of the case by the court, and you must refrain from

speculation or conjecture or any guesswork about the nature or effect of any colloquy

between court and counsel held out of your hearing or sight.

**Authority;** **Modern Federal Jury Instructions, 71-5**

Instruction No. 9

WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts. By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the question. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of the statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question. The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence ,' and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose -- such as for the purpose of assessing a witness' credibility -- you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statement and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which

controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court. To constitute evidence, exhibits must be received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**Authority;** **Modern Federal Jury Instructions, 74-1**

Instruction No. 10

DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use in reaching your verdict.  One type of evidence is direct evidence.  Direct evidence is when a witness testifies about something he knows by virtue of his own senses -- something he has seen, felt, touched, or heard,  direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sum was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella which was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Mow, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact, but on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer ..on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all of the evidence presented..

**Authority; Modern Federal Jury Instruction, 74-1 citing Michalic v. Cleveland Tankers, Inc., 364 U.S. 325 (1960).**

Instruction No. 11

WITNESS CREDIBILITY

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was during his or her testimony.  You are the sole judge of the credibility of each of the witnesses and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve the factual issues raised by the parties in the face of very different pictures painted by both sides.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and importance of each witness' testimony.

To determine a witness' credibility you should use all the tests for truthfulness that you would use in determining matters of important to you in your every day life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know things about which he testified, the accuracy of his memory, his candor or lack of candor, intelligence, the responsiveness and probability of his testimony, and its consistency or lack or consistency, and its corroboration or lack of corroboration of other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all the other evidence that

is given in this case.

Always remember that you should use your common sense, you good judgment and life experience.

**Authority;** **Modern Federal Jury Instructions, 76-1 citing** **Sarbor v. Arkansas Natural Gas Corp.,** **321 U.S. 620 (1944);** **Dwyer v. MacDougall,** **201 F.2d 265 (2d Cir. 1952);** **Arnstein v. Porter,** **154 F.2d 464 (2d -Cir. 1946) and adapting charge of Judge Weinfeld in** **Powell v. Sealectro,** **(S.D.M.Y. 1964).**

<u>Instruction No. 12</u>

DEPOSITION TESTIMONY

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where the attorney for one side may question a witness or an adversary party under oath before a court stenographer prior to trial, this is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

<u>**Authority:**</u> **Modern Federal Jury Instruction 74-14**

Instruction No. 13

DISCREPANCIES IN TESTIMONY

You have heard evidence of discrepancies in the -testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses. You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in witness' testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether the discrepancy pertains to a fact of importance or only a trivial detail should be considered in weighing its significance; but a willful falsehood is a matter or important and should be considered seriously.

It is for you to decide, based on your total impression of the witness how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and good judgment.

**Authority;  Modern Federal Jury Instructions, 76-4 citing Quock Ting v. United States, 140 U.S. 417 (1891 and adapted from Judge Weinfeld in Mollica v. Compania Sud-Americana De Vapores, Civ. 64-60 (S.D.N.Y. ).**

23

<u>Instruction No. 14</u>

FAILURE TO PRODUCE WITNESS

There is no duty on any party to call any particular person as a witness; nor may failure to call a witness be the basis for a finding of fact on a point upon which no evidence has been received. However, if you find that a witness was in a position to give relevant evidence on the side of (plaintiff) and that (plaintiff) has offered no reasonable explanation for failing to call such witness, you may infer, if you deem it proper to do so, that the testimony of the uncalled person would not contradict the opposing evidence, or would not support (plaintiff's) version of the case and you may also draw the strongest inferences against (plaintiff) that the opposing evidence permits.  In this light, you may consider the failure of (plaintiff; plaintiff's mother, Mrs. Karowitz; plaintiff's brother, Alien Michalowski) who were witnesses to the incident.

**P.J.I. 1:75**

## BURDEN OF PROOF

### Instruction No. 15

### BURDEN OF PROOF — GENERAL

This is a civil case and as such the plaintiff has the burden of proving the material allegations of his complaint by a fair preponderance of the evidence.

If, after considering all of the testimony you are satisfied that the plaintiff has carried the burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for the defendant.

If, upon consideration of all the facts on the issue -- for example, whether the defendants violated plaintiff's constitutional rights -- you find that the plaintiff has failed to sustain the burden cast upon him, then you proceed no further and the verdict must be for the defendants. If, however, you find that the plaintiff has sustained the burden on these issues, then you proceed to consider defendants' affirmative defenses. In this regard the burden is upon the defendants to establish their affirmative defenses by a preponderance of the evidence.  If you determine that the defendants have sustained their burden of establishing their affirmative defenses, then you proceed no further and the verdict must be for the defendants.

If, however, you find that the plaintiff has established the essential elements of his case and that the defendants have not established their affirmative defenses, then you proceed to consider the issue of damages.

**Authority; Modern Federal Jury Instructions, 73-1**

Instruction No. 16

PREPONDERANCE OF THE EVIDENCE

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance or the evidence, you must decide against him on the issue you are considering. To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them to testify, and all the relevant exhibits received in evidence, regardless of who may have produced them or submitted them into evidence.

If you find that the credible evidence on a given issue is evenly divided between the parties -- that it is equally probably that one side is right as it is that the other side is right -- then you must decide that issue against the party having the burden of proof on that issue. That is because the party bearing the burden must prove more than simply equality of evidence — he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with the burden need not prove more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with the burden -- that what the party claims is more likely true than not true -- then

27

that element will. have been proven by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

**Authority;  Modern Federal Jury Instructions, 73-2 citing Larson v. Jo Ann Cab Corp., 209 F.2d 929 (2d Cir. 1954).**

<u>Instruction No. 17</u>

BURDEN OF PROOF — CLAIMS AMD AFFIRMATIVE DEFENSES

I will shortly instruct you on the elements of plaintiff's claims, and on the elements of defendants' affirmative defenses.

The plaintiff has the burden of proving each and every element of his claims by a preponderance of the evidence. If you find that any one of the elements of plaintiff's claims has not been proven by a preponderance of evidence, you must return a verdict for the defendants.

The defendants have the burden of proving each element of their affirmative defenses. I will shortly instruct you on the elements of these defenses. If you find that any one of the elements of defendants' affirmative defenses has not been proven by a preponderance of the evidence, you must disregard the defense.

<u>**Authority:**</u> **Modern Federal Jury Instructions, 87-3**

<u>Instruction No. 18</u>

COMMON LAW STANDARD OF CARE-DEFENDANT
HAVING SPECIAL KNOWLEDGE

A  person who has special training and experience in a trade or profession, when acting in the trade or profession on behalf of others who are relying on (his, her) special skills, has the duty to use the same degree of skill and care that others in the same trade or profession) in the community would reasonably use in the same situation.  The Defendant in this case, has claimed to have special skills in putting clear stain on wood siding in the community would reasonably use in the same situation, then you must find that defendant was not negligent, no matter what resulted from defendant's conduct.  On the other hand, if you decide that defendant did not use the same degree of skill and care, then you must find that defendant was negligent.

**<u>Authority:</u> PJI 2:15**

30

<u>Instruction No. 19</u>

COMMON LAW STANDARD OF CARE-CUSTOMARY
BUSINESS PRACITCES

You have heard evidence of the general customs and practices of others who are in the same business or trade as that of defendant.  This evidence is to be considered by you in determining whether the conduct of defendant was reasonable under the circumstances.  Defendant's conduct is not to be considered unreasonable simply because someone else may have used a better or safer practice.  On the other hand, a general custom, use, or practice by those in the same business or trade may be considered some evidence of what constitutes reasonable conduct in that trade or business.  You must first decide, from the evidence presented in this case, whether there is a general custom or practice in defendant's trade or business.  If you find that there is a custom or practice, you may take that general custom or practice into account in considering the care used by defendant in this case.  However, a general custom or practice is not the only test; what you must decide is whether, taking all the facts and circumstances into account, defendant acted with reasonable care.

**Authority:  PJI 2:16**

Instruction No. 20

COMPENSATORY DAMAGES ─ GENERALLY

Merely because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be held liable.

If the plaintiff has proven by a preponderance of the credible evidence that defendants a reliable for the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instruction you on the elements of damages. It is exclusively your function to decide upon liability, and I am instruction you on damages only so that you will have guidance should you decide plaintiff is entitled to recovery.

**Authority:  Modern Federal Jury Instruction, 77-1**

Instruction No. 21

ACTUAL DAMAGES

If you return a verdict for the plaintiff, then you must consider the issue of actual damages.

If you return a verdict for the plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendants.

You should award actual damages only for those injuries which you find plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find plaintiff as a direct result of conduct of the defendants in violation of Section 1983, plaintiff's common law rights or plaintiff's constitutional rights. That is, you may not simply award the actual damages for any injury suffered by the plaintiff -- you must award actual damages only for those injuries that are a direct result of actions by these defendants and that are a direct result of conduct by defendants which violated plaintiff's constitutional rights under color of law and were the result of defendants' alleged conspiracy.

Actual damages must be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

**Authority: Modern Federal Jury Instructions, 87-23 and 77-1 citing Smith v. Wade, 461 U.S.. 30 (1903); Carey v. Piphus, 435 U.S. 247 (1978).**

Instruction No. 22

CAUSATION AND DAMAGES

I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been a direct result of conduct by the defendants in violation of Sections 1983, plaintiff's common law rights, and plaintiff's constitutional rights. You must distinguish between, on the one hand, the existence of a violation of plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the defendants deprived the plaintiff of his rights in violation of the above laws, you must ask whether the plaintiff has proven by a preponderance of the evidence that the deprivation caused the damages he claims to have suffered.

The defendants are not liable for damages if they can show that plaintiff would have suffered the same harm even if he had not been deprived of procedural due process. The burden is on the defendants to prove that plaintiff would have suffered the same harm even if he had received the process that was due. The defendants may not rely upon the factors discovered by them after the decision was made to prove that they would have reached the same decision at the time of the violation. If you find that the damages suffered by the 'plaintiff were partly the result, of conduct by the defendants that was legal and partly the result of conduct by them that was illegal, you must apportion the damages between legal and illegal conduct -- that is you must assess the relative important of the legal and illegal conduct and allocate the damages accordingly.


**Authority: Modern Federal Jury Instruction, 87-25 citing <u>Cary v. </u>Piphus, 435 U.S. 247 (1978); <u>Mount Healthy City Bd. of Ed. v. Doyle,</u> 429 U.S. 274 (1977).**

34

<u>Instruction No. 23</u>

MITIGATION OF DAMAGES

Even if you find that the plaintiff was injured as a natural. consequence of conduct by the defendants in violation of his constitutional rights. Section 1983, you must determine whether the plaintiff could have done something to avoid or minimize the harm that he suffered.  The burden is on the defendants to prove by a preponderance of the evidence that the plaintiff could have avoided or minimized the harm that was done to him and that he failed to do so.  If the defendants convince you that the plaintiff could have reduced the harm done to him but failed to do so, the plaintiff is entitled only to damages sufficient to compensate him for the injury lie would have suffered had he taken the appropriate action to avoid or reduce the harm done to him.

**Authority;  Modern Federal Jury Instructions, 87-26 citing Jackson v. Wheatley School Dist., 464 F2d 411 (8th Cir. 1972).**